IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GWENDOLYN WAGGONER,                )
                                   )
            Plaintiff,             )
                                   )
    vs                             )   NO. CIV-13-1133-D
                                   )
DEBORAH LEE JAMES,[1] Secretary,   )
Department of the Air Force,       )
                                   )
            Defendant.             )

# O R D E R

Before the Court is Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (h)(3), F. R. Civ. P. [Doc. No. 21]. Plaintiff has filed a response to this motion [Doc. No. 23], and Defendant has filed a reply [Doc. No. 25].

The underlying premise of Defendant's motion is the jurisdictional requirement of administrative exhaustion for Plaintiff's claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq. See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The sole basis for jurisdiction alleged in Plaintiff's Complaint is an EEOC decision and right-to-sue notice issued in an administrative proceeding challenging Plaintiff's first removal from employment with the Department of the Air Force in May, 2009. Defendant contends that any claim of Plaintiff based on her first

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Deborah Lee James is automatically substituted as the named defendant, replacing retired Secretary Michael P. Donley.

termination is moot because she was subsequently reinstated to her position with full back pay and benefits, and therefore, no live controversy exists with respect to this claim. Defendant quotes a portion of the EEOC's decision attached to Plaintiff's Complaint. During the administrative process, however, Plaintiff's discrimination claim based on her initial termination was not found to be moot but was addressed on its merits.

The EEOC decision summarized the administrative proceedings as follows:

> A hearing was held and thereafter an MSPB Administrative Judge (AJ) issued an initial decision dismissing Petitioner's appeal as moot. The AJ found that the parties had engaged in settlement discussions and the Agency had unilaterally withdrawn the removal action and had reinstated Petitioner to a position in the same grade and duty location as she encumbered previously. Her reinstatement was effective March 10, 2011. Petitioner also received full back pay and benefits. The AJ indicated however, that generally such a complaint would be deemed automatically moot; however, since Petitioner requested compensatory damages, a hearing was held.

*See* EEOC Decision dated March 15, 2013, attached to Plaintiff's Complaint [Doc. No. 1] at p.10 (ECF numbering). After the hearing, the administrative judge proceeded to find Plaintiff's removal was not based on discrimination or reprisal, and upon review, the EEOC concurred. *Id.* at pp.9, 10. Plaintiff makes clear in this case that she is pursuing her Title VII claims and seeking compensatory damages for pain and suffering resulting from her initial termination. *See* Complaint [Doc. No. 1] at p.4, ¶ 11; Plaintiff's Response Brief [Doc. No. 23] at p.2. Accordingly, to the extent Plaintiff seeks compensatory damages for race, color, and sex discrimination and/or retaliation under Title VII in connection with the initial termination of her employment, the case is not moot.

Plaintiff also alleges race, color, and sex discrimination and reprisal for prior EEOC activity resulted in the Department's failure to promote her, in placing her in a hostile work environment, and in a second termination of her employment in March, 2012. But Plaintiff has failed to allege in her Complaint or show by any attachments thereto, jurisdictional facts regarding any claim other than her initial termination. In other words, Plaintiff has failed to show that she has exhausted administrative remedies with respect to the alleged failure to promote her, an alleged hostile work environment, and the second termination of her employment. Plaintiff may not bring a discrimination suit "based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1326 (10th Cir. 1999). And each discrete incident of discriminatory or retaliatory action by an employer "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-13 (2002)). Therefore, to the extent the Complaint asserts Title VII claims based on any employment action other than Plaintiff's initial 2009 removal from employment, the claims must be dismissed for lack of subject matter jurisdiction.

In accordance with the foregoing, Defendant's motion to dismiss [Doc. No. 21] is GRANTED in part and DENIED in part. Defendant's motion to dismiss Plaintiff's Title VII claims for race, color, and sex discrimination and retaliation relating to the initial termination of Plaintiff's employment is DENIED. In all other respects, Defendant's motion to dismiss

3

Plaintiff's Complaint is GRANTED, and all other Title VII claims are dismissed without prejudice to refiling.

IT IS SO ORDERED this 13th day of February, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE